UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MALIK REILEY

               Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER KEVIN
MENENDEZ SHIELD No 9304, POLICE OFFICERS
JOHN DOE NUMBER 1 THROUGH 4 in their
individual and official capacities as employees
of the City of New York Police Department
                             Defendants.
----------------------------------------------------------------X

SUMMONS ISSUED

COMPLAINT AND
JURY DEMAND

CV 14 4300

KUNTZ, J.
POLLAK, M.J.

      The Plaintiff, MALIK REILEY, by his attorney, Amy Rameau Esq., alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

    1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officer Kevin Menendez, Officers John Doe No. 1 through No. 4, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

    2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of

New York under 28 U.S.C. §1331 and §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(a),(b),(c), venue is proper in the Eastern District of New York.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative

capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiff is an African American male. On June 4, 2014 at about 9 PM, plaintiff was visiting his aunt at 760 Park Avenue in Brooklyn when he was approached by defendant officers. The officers approached and began to harass plaintiff. An officer by the name of Kevin Menendez all of a sudden shoved plaintiff and told him he, the officer, would charge plaintiff with "something if [he] feels like it." Plaintiff protested that he committed no crime.

12. At that point, the officers shoved plaintiff into the lobby of 760 Park Avenue and attacked plaintiff therein. The defendant officers punched plaintiff numerous times in the face and back. Defendants kicked and stomped upon plaintiff. After defendant officers cuffed plaintiff, officer Menendez kneed plaintiff several times in the face causing plaintiff to bleed from the nose and mouth and sustain a broken front tooth. Defendant officers then dragged plaintiff into an awaiting police car as plaintiff bled profusely from the nose and mouth.

13. Plaintiff begged for medical attention at the scene and was denied medical attention. Defendants did all this in plain view of several witnesses who live in the building.

Plaintiff was taken to the precinct where plaintiff asked for medical attention and was denied medical attention yet again.

14. Plaintiff posed no threat to any police officer and plaintiff had committed no crime. Defendants lied and logged baseless and false charges against plaintiff.

15. Plaintiff posed no threat to any citizens.

16. All of the above was done in violation of state and federal law.

17. The POLICE OFFICERS mentioned herein employed unnecessary and unreasonable force against the plaintiff. Once plaintiff arrived at central Booking, paramedics examined plaintiff and sent him to the Hospital.

18. On June 5, 2014, plaintiff was arraigned under Kings County Criminal Court Docket 2014KN041530.

19. That very day, all charges against plaintiff were adjourned in contemplation of dismissal.

20. Defendant officers acted maliciously and intentionally, and said acts are examples of gross police misconduct.

21. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including several bruises, contusions, laceration, a broken front tooth, loss of liberty, and psychological injury and suffering.

22. Plaintiff remains unable to engage in the daily activities he once performed due to the injuries he sustained from the defendants' assault upon him. Plaintiff is distraught as his appearance has changed dramatically.

23. The conduct of the defendant police officers in assaulting the plaintiff proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

24. The false arrest of the plaintiff was accomplished with the intentional use of excessive force. The defendant police officers acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

25. As a direct result of the acts alleged herein, the plaintiff has suffered severe physical injury and pain, severe mental pain and anguish, and severe emotional distress. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER EIGTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

26. The plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 25 as if fully set forth herein.

27. The conduct and actions of defendant officers acting under color of law and under their authority as a New York City Police Officer, in deliberately hitting and punching and kicking the plaintiff, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

28. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT FOR STATE LAW VIOLATIONS

29. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 28 as if fully set forth herein.

30. The conduct of defendant officers and all other defendant officers mentioned herein, occurred while they were on duty, and in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents and employees and defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, and as a result the defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT are liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

31. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

## ASSAULT AND BATTERY

32. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

33. By the actions described above, defendant officers did inflict assault and battery upon the plaintiff. The acts and conduct of the defendants were the direct proximate cause of injury and damage to the plaintiff and violated the statutory and common law rights as guaranteed by the laws and the Constitution of the State of New York.

34. As a result of the foregoing, the plaintiff sustained painful injuries to his body.

35. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 35 as if fully set forth herein.

37. By the actions described above, defendant officer engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

38. As a result of the foregoing, the plaintiff was subjected to great humiliation, and was otherwise damaged and injured.

39. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM

## NEGLIGENCE

40. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 39 as if full set forth herein.

41. The defendants, jointly and severally, negligently caused severe physical injuries, denied medical treatment, and caused extreme emotional distress to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights guaranteed him by the laws and Constitution of the State of New York.

42. As a result of the foregoing, the plaintiff sustained painful injuries was subjected to great humiliation and emotional distress, was deprived of liberty and detained, and was otherwise damage and injured.

43. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM

## EXCESSIVE USE OF FORCE

## 42 U.S.C. § 1983

44. The plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 43 as if fully set forth herein.

45. The conduct and actions of defendant officers acting under color of law and under their authority as New York City Police Officers, in deliberately punching and kicking the plaintiff, was done intentionally, maliciously, with a deliberate indifference and/or with a

reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## EIGHT CLAIM

47. The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

48. The defendants acting under color of State law, subjected plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff if his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of their person;

(b) Plaintiff was deprived of their Fourteenth amendment right to liberty without due process of law;

(c) Plaintiff was deprived of their Fourteenth Amendment right to equal protection of the laws.

## NINTH CLAIM

49. The plaintiffs repeats reiterates and re-alleges each and every allegation set forth in paragraphs with the same force and effect as though fully set forth at length herein.

50. Defendants subjected plaintiffs to the foregoing acts without due process of law, thereby depriving plaintiffs of rights, privileges and immunities secured by Article 1 sec. 1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities.

   a. Plaintiff was deprived of their right to be free from unreasonable seizures of his person, in violation of Sec. 12 if the Constitution of New York;

   b. Plaintiff was deprived of their rights to liberty, without due process of law, in violation of Sec. 6 of the constitution of the State of New York;

   c. Plaintiff was deprived of his right to equal protection of the laws, in violation of Sec. 11 of the constitution of the State of New York.

## TENTH CLAIM

51. Plaintiffs repeats, re-alleges and reiterates each and every allegation set forth in paragraphs numbered "1" through "50" as though fully set forth at length herein.

52. That the arrests, detentions and imprisonments of plaintiff were wrongful and malicious, and effected without good faith and without reasonable or probable cause or other legal justification or privilege.

53. That the acts and conduct of the defendants constitute false arrest and false imprisonment under the law of the State of New York.

54. That plaintiff was wholly innocent of the aforesaid criminal charges and did not in any way contribute to the conduct of the defendants, their agents, servants and employees.

55. That the defendants intended to confine the plaintiff and the plaintiff was conscious of such confinement and did not consent to his confinement.

56. The acts of defendant officers were willful and with malicious disregard of plaintiffs' rights and is therefore liable for punitive damages.

## ELEVENTH CLAIM

57. The plaintiff repeats, realleges and incorporates by reference each and every allegation set forth in paragraphs numbered 1 through 30 as though fully set forth at length herein.

58. That commencing on or about the defendants, their agents, servants and employees wickedly and maliciously prosecuted and detained plaintiff without any just grounds therefore.

59. That the plaintiff was and is wholly innocent and was forced by the defendants to submit to criminal prosecution proceedings in the Kings county criminal court.

60. That on or about before a judge of the Kings County criminal court, arraignment part the defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiff with criminal sale of a controlled substance in the second degree and related offenses.

61. That the said charges were instituted and procured by defendants, their agents, servants, and employees unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and continuation of the criminal proceedings against plaintiff was without probable cause with actual malice and was terminated in plaintiff's favor.

62. That by reason of said unlawful and malicious prosecution, plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, suffering and great distress of body and mind and held up to scorn and ridicule, was injured in his reputation and was otherwise damaged.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars on each of the plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action pursuant to 42 U.S.C. 1988;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 7/10/14
Brooklyn, New York

Amy Rameau, Esq.

Law Offices of Amy Rameau Esq.,
16 Court St, Suite 2504
Brooklyn, NY 11241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MALIK REILEY
            Plaintiff,                                            COMPLAINT AND
                                                                         JURY DEMAND

                -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER KEVIN
MENENDEZ SHIELD No 9304 POLICE OFFICERS
JOHN DOE NUMBER 1 THROUGH 4 in their
individual and official capacities as employees
of the City of New York Police Department
                                                  Defendants.
------------------------------------------------------------------X

## COMPLAINT AND JURY DEMAND

Amy Rameau, Esq.
Attorney for Plaintiff
16 Court Street, 2504
Brooklyn, NY
11241
Tel: 718.887.5536
Fax: 718.875.5440